NICHOLAS PREZIASO, APPELLEE, v. UNION CITY CLEAN-
ING AND DYEING COMPANY, INCORPORATED, APPEL-
LANT.

Submitted October 14, 1927—Decided January 14, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *John W. Ockford.*

For the appellee, *Abram C. Safyer.*

PER CURIAM.

This was an action in replevin. The owner of a coat placed
it in the hands of the plaintiff for cleaning and pressing and
he sent it to the defendant for plaintiff. It was not returned,
and upon demand another coat was sent to him which he
declined to receive and returned.

The action in question was then brought alleging delivery
of the coat to defendant, and demand for and failure to
return.

These facts were established at the trial as well as the value
of the coat and a judgment was rendered in favor of the
plaintiff by the trial judge sitting without a jury, for the sum
of $60 for the value of the coat.

Three grounds for reversal are urged—

1. Judgment for value was improper because the defendant
did not recapture the property under the writ of replevin. .

2. The plaintiff was not entitled to a judgment for value
because he was not the owner of the coat, but merely a bailee.

3. The defendant's possession was lawful and there was no proof of demand and refusal to return.

All of these grounds are without substance. Inasmuch as the coat was lost and not in the possession of the defendant, there could be no taking by the plaintiff under his writ, nor could there be a recaption by the defendant, and, as plaintiff demanded in his action, not only possession, but damages in event there was no restoration of possession, he was entitled to a judgment for the value of the article. *Frazier* v. *Fredericks,* 24 *N. J. L.* 162 (at *p.* 170); *Pedrick* v. *Kuemmell,* 74 *Id.* 379.

Plaintiff as bailee was entitled to recover the value of the coat. *Central Railroad Co.* v. *Bayway Refining Co.,* 81 *N. J. L.* 456.

There was a demand for the return of the coat, and the only manner in which it was complied with was by returning a coat which was not the one in question.

Finding no error the judgment below is affirmed, with costs.